Content:

FILED
JUN 16 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SINDRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 09 1099 |
| ) | |
| DERRICK MONROE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis*, his request for leave to file the complaint, and the *pro se* civil complaint itself. The court will grant leave to file, grant the application to proceed *in forma pauperis*, and dismiss the complaint.

Plaintiff alleges that the defendant, described as an individual "with oversight over civil division filings in [the] Superior Court [of the] District of Columbia," has refused to "accept [or] permit [plaintiff's] filings" in a civil action now pending in that court, in order "to fetter [plaintiff's] access to courts and justice." Compl. ¶ 4. For these allegedly unconstitutional acts, plaintiff demands injunctive relief and unspecified monetary damages. *See id.* at 3 (prayer for relief).

In general, judges are immune from suit for money damages. *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991); *Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Butz v. Economou*, 438 U.S. 478 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967); *see Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006). "The common law immunity of judges is fully applicable in suits under 42 U.S.C. § 1983 alleging deprivations of constitutional rights." *Clark v. Taylor*, 627 F.2d 284, 287 (D.C. Cir.

1980) (per curiam) (citing *Pierson v. Ray*, 386 U.S. at 553-55). "Case law has recognized that the protection of judicial immunity is not confined only to judges but may extend to other officers of government whose duties are related to the judicial process." *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 192 (D.D.C. 2005) (citations omitted). In this Circuit, absolute judicial immunity extends to clerks of the court. *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) (per curiam). "[I]mmunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction.'" *Id.* at 1461 (quoting *Mullis v. United States Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)). It appears that a Superior Court clerk's decisions to accept or reject a litigant's filings are basic and integral to the court's function and such decisions fall within the defendant's jurisdiction. The Court will dismiss the complaint in its entirety because judicial immunity protects the defendant from suit. *See Hurt v. Clerks, Superior Court of District of Columbia*, No. 06-5308, 2006 WL 3835759, at *1 (D.C. Cir. Dec. 22, 2006) (per curiam) (affirming the dismissal of an action against judicial clerks to whom absolute judicial immunity is extended); *McAllister v. District of Columbia*, 653 A.2d 849, 851 (D.C. 1995) (holding that "court clerks, like judges, should be immune from damage suits for performing tasks that are integrally related to the judicial process.").

An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date: 6/5/09